In the matter of the estate of CHARLES MYERS, deceased.

[Filed November 14th, 1904.]

1. Under the statute requiring all persons concerned to be served with citation when a caveat is filed to the probate of a will, the heirs-at-law of testator must be served, though not beneficiaries of the will.

2. Unfulfilled promises for the payment of money by the widow of testator to a caveator, who withdrew from the contest in reliance thereon, and such promises by the same person to others who did not caveat, though ready to aid in the contest against the probate, but refrained therefrom because of the promises, do not amount to fraud either on the court or on the persons, and are not ground for setting aside a decree of probate of the will.

3. On rule to show cause why a decree admitting a will to probate should not be vacated, it appeared that the petitioner was *sui juris* at the death of testator, and had knowledge of testator's death; that he had a right to file a caveat to the probate of the will, but failed to do so; that he failed to appeal from the decree admitting the will to probate within the time limited by the statute, and failed to take any action with respect to the contest; that he remained without action for over six years, and until the parties interested had proceeded in the settlement of the estate, and the executor had paid the legacies, the executor's accounts had been settled and the executor discharged.—*Held*, sufficient to show such laches as to forbid any action by the court looking to the opening of the decree.

On appeal from the Cape May orphans court from an order setting aside probate of will.

*Mr. William T. Boyle* and *Mr. Howard Carrow*, with whom was *Mr. R. O. Moon* (of the Philadelphia bar), for the appellant.

*Mr. Matthew Jefferson* and *Mr. John W. Wescott*, for the respondents.

MAGIE, ORDINARY.

The Cape May orphans court, on February 11th, 1903, upon a petition of Joseph Hamscher, directed certain persons, being the widow and children and grandchildren of one Charles Myers, deceased, to show cause before that court, on March 18th, 1903, why a decree, probating the will of said Charles Myers, made June 21st, 1897, should not be set aside and a caveat, which had been put in against its probate, be reinstated. The rule further permitted the parties to take evidence orally before the court upon the coming in thereof, or prior thereto, before the surrogate. The transcript discloses that upon the coming in of the rule the parties appeared by proctors, and evidence was taken orally before the court.

On September 23d, 1903, the court ordered that the decree of probate of the instrument alleged to be the will of Charles Myers, which decree was recited to be dated on the 21st day of June, 1897, should be vacated and set aside and the caveat filed by Mary F. De Roche, of February 3d, 1897, should be reinstated.

From the last-mentioned decree, Charles Myers, a bene-ficiary under the will, appealed, and the petition of appeal in this court asserts error in the decree appealed from as being contrary to the evidence and law and not within the juris-diction of the orphans court.

The decree thus vacated and set aside was shown by the evi-dence on the rule to show cause to have been made not on June 21st, 1897, but on July 3d, 1897. It was made under the following circumstances: James Myers, named in the will as executor, applied to the surrogate of the county of Cape May on April 14th, 1897, for probate of the instrument as the last will and testament of Charles Myers, deceased, and therein set forth who were the heirs-at-law and next of kin with their relationship to the deceased and their respective residences. Among others, the petitioner, upon whose petition the rule to show cause was allowed, was named. Mary F. De Roche, who was the daughter of the deceased, had at that time filed a caveat against the admission of the will to probate.

The controversy thus inaugurated came on for hearing before the orphans court on June 8th, 1897. Testimony was taken, which appears in the case. After the proponents had rested their case, counsel representing some of the children and recog-nized by the court as appearing for the caveator, requested an adjournment for the purpose of looking into the matter, an-nouncing to the court that if, upon examination, he thought that he could not sustain the attack upon the will, he would inform the court and counsel. The adjournment was to June 22d, 1897. It does not appear that counsel for the caveator appeared before the court on the adjourned day, but the caveator herself testifies on the rule to show cause that she directed her counsel, who had filed the caveat, to withdraw the caveat. Thereupon a decree was made reciting the presentation to the surrogate of the will for probate, the caveat of Mary G. De Roche, a daughter and heir-at-law of the deceased, and that

"all parties in interest have been duly cited by the surrogate to appear, and that the court had heard the proofs of witnesses as to the execution of the paper writing propounded and considered them, and that the

caveat had been withdrawn by the caveator, and that the court was of opinion that the paper writing was duly executed and ought to be admitted to probate."

And it was decreed that the same be admitted to probate, and declared, adjudged and decreed to be the last will and testament of Charles Myers, deceased, and that letters testamentary be issued to one of the executors therein named, the other executor having renounced.

Upon the hearing of the rule to show cause, the inventory filed by the executor was put in evidence and disclosed property of the deceased to the amount of nearly $50,000. The final account of the executor was also put in evidence, and a decree of the orphans court made September 20th, 1898, allowing the same as reported and directing that out of the balance, which was found to be over $40,000, certain payments should be made to certain parties named in the will, and that the balance should remain in the hands of James Myers, who was the accounting executor, as trustee under the will. By the account and by a number of releases presented in evidence and duly proved, it appeared that the executor had, before settlement, paid all of the legacies given by the will except those which he was directed further to pay by the decree of distribution.

This was the situation of the estate when the orphans court allowed the rule to show cause, upon which rule and the evidence taken thereunder the decree appealed from was made.

Upon what ground the court acted in making the decree, opening the probate of a will made more than six years before, and after the records of the courts disclosed a final settlement by the executor, allowed by its decree, is not made to appear. The petition of respondent presents two grounds for the allowance of the rule to show cause. It asserts that upon the caveat citations were issued to only a part of the next of kin and heirs-at-law of the deceased named in the application to the surrogate, and that none were issued or served upon many of the next of kin and heirs-at-law, and that petitioner was not served with citation and had no knowledge of the caveat until several years thereafter. The other ground was that the caveat was

withdrawn, and parties who would have contested the will were induced to refrain from so doing by fraud.

On the part of respondent it is first contended that the citations appearing in the state of the case were issued to and served upon the executor and beneficiaries under the will, and that no other persons were required to be cited.

I have lately been compelled to examine the question thus presented with the result that I have construed the statute requiring citation to all persons concerned to include the heirs-at-law. *In re Will of Mary G. Young, ante p. 553.*

It is further contended that the adjudication of the orphans court that all the parties interested had been duly cited by the surrogate is conclusive upon the court and not capable of being contradicted or impugned by the fact that only some citations were found upon the files of the orphans court, or by oral proof that some of the parties were not served with citations.

Whether the orphans court posseses authority to open a decree probating a will under circumstances such as are disclosed in this case, or whether it may do so upon the absence of citation from the files of the court, or upon proof that the persons upon whom citations should have been served six years before were not served, are questions which I do not think necessary to discuss.

The charge of fraud is thus presented. The caveator testifies that after she had filed her caveat and inaugurated the contest she was visited by the widow of the deceased, who then, and at other times, promised to pay her money if she would withdraw her contest, and that, relying upon such promise, she did withdraw from the contest. There is also evidence that others who did not caveat, but who were ready to aid in the contest against the probate, refrained therefrom because the same person promised them money for so doing. All these persons testify that after the probate the widow refused to perform her promises, and has continued to refuse ever since.

This is the fraud upon which it is insisted the court had a right to act and set aside the probate and reinstate the caveat. In my judgment, it wholly fails to support such action of the court. It does not disclose any fraud committed upon the

court, nor does it evince any fraud committed upon the persons. It merely discloses that they withdrew from the contest relating to their personal rights and interest in consideration of promises which were not performed.

But upon which of the grounds alleged the court acted in making the decree appealed from is immaterial, because I think that no such decree should have been made.

The petitioner knew of the death of the deceased, and was then of full age. He had a right to caveat. While he was entitled to be informed of the contest initiated by the caveat filed, yet, assuming that he was not cited, or that a citation was not served upon him, he had the right to appeal from the decree admitting the will to probate, within the time limited by the statute. *In re Will of Mary G. Young, ubi supra.* He failed to take any action with respect to the contest inaugurated in the courts of the domicile of the deceased. He remained without action for over six years, and until the parties interested had proceeded in the settlement of the estate, and the executor had paid the legacies and his accounts had been settled and he discharged. This conduct discloses such laches as to forbid any action by the court looking to the opening and vacating of a decree. It would be a menace to every executor and dangerous to every purchaser from him, and disastrous to every beneficiary under a will, to have it understood that a next of kin or heir-at-law may remain quiescent for so long a period and then induce the court to revoke a probate of a will, when witnesses may be dead or disabled, and those whose rights depend upon the will may be without power to make proof of it.

In my judgment, the decree vacating the probate was not justified by the evidence, and should be reversed, with costs.