In the matter of the last will of MARY HYNES, deceased.

[Decided May 9th, 1905.]

With the consent of the appellant, the orphans court may dismiss an appeal from the decree of the surrogate admitting a will to probate, without notice to the persons who may have been cited to appear, and without hearing the subject-matter of the appeal.

---

On appeal from Hudson county orphans court.

*Mr. James A. Gordon,* for Roger Ryan, the appellant.

*Messrs. Wilson, Carr & Stackhouse,* for the respondents.

BERGEN, VICE-ORDINARY.

By the decree of the surrogate of the county of Hudson, bearing date September 3d, 1903, the last will of Mary Hynes was admitted to probate. From that decree an appeal to the orphans court of the county of Hudson was regularly taken by Mary Hynes, one of the children of the testatrix, and citations were thereupon issued to all persons interested as if the contest had

been instituted by caveat, and there had been no decree by the surrogate. On August 24th, 1904, an order was made, with the consent of the appellant, by the orphans court dismissing the appeal of Mary Hynes, and it is from this order that Roger Ryan, who was among those cited on the appeal of Mary Hynes, appeals to the prerogative court, although he has never appealed from the surrogate's decree of probate.

The only question to which the brief for the appellant, Ryan, was addressed is the power of the orphans court to dismiss, with the consent of the appellant, an appeal from the decree of the surrogate admitting a will to probate without notice to all persons who may have been cited to appear, and without hearing the subject-matter of the appeal.

The general rule that an appellant may have his appeal dismissed at any time while the cause remains within the jurisdiction of the appellate court, upon such terms as to costs as may be lawfully imposed, is well established, but the appellant here insists that under our statute the orphans court has no power to dismiss an appeal of this character, but is bound to proceed and hear the case anew at the request of any party in interest even if such party, not having appealed from the surrogate's decree, would be estopped from proceeding on his own account. This claim is based upon section 202, page 793, of the Orphans Court act (*P. L. 1898*), the pertinent part reading:

"**Proceedings of surrogates**, respecting the probate of a will, shall be subject to appeal to the orphans court by any person interested,   *   *   * and to proceedings thereon, as if the will had not been proved."

In my opinion the decree of the surrogate admitting this will to probate operates as a conclusive adjudication which can only be avoided by an appeal taken within the time allowed by the statute, and that proceedings under the appeal should be confined to ascertaining and establishing the rights of the party prosecuting the appeal. Under this statute the proceedings below are made "subject" to appeal at the option of one qualified to exercise that right, and the language used cannot be construed to mean that all who could, but have not availed them-

selves of the option within the time fixed by law, become joint appellants entitled to control the action of the diligent suitor.

The action of the orphans court in issuing citations cannot invest one cited with any right he did not previously possess; not having taken an appeal his right was lost, and the citation could not restore the privilege. While the section of the act under consideration does not authorize or provide for the citation of parties whose rights have been settled by the decree of the surrogate from which they do not appeal, it is quite proper, however, that some notice of the appeal should be given to such as might be injured by a reversal of the surrogate's action, but when thus in court, not having appealed, they can only be heard in support of the decree below. To hold otherwise would permit one, who for want of an appeal has no standing in court, to contest a decree from which he has taken no appeal, and allowed him a right which the law denies to him if proceeding on his own behalf.

Under section 13 of the act we are considering any person interested may deprive the surrogate of his jurisdiction and require the proponents to summon all parties, and in their presence submit the proof required to sustain a probate, in which proceeding the orphans court has original jurisdiction, but this section applies only when a caveat is filed, or the surrogate, for reasons stated in the law, declines to act and submits the matter to the orphans court. If, however, no caveat is filed and the surrogate retains jurisdiction, his determination as expressed in his decree is final, and bars all who do not appeal, where a review of his decree is sought under conditions here existing.

The decree of the orphans court is therefore affirmed.