FRANKLIN LUMBER COMPANY, complainant,

*v.*

HAROLD ANDERSON, INCORPORATED, et al., defendants.

[Argued May 23d, 1929—Decided February 3d, 1930.]

*Mr. Robert M. Boyd, Jr.,* for the appellants Montclair Trust Company and the Essex Title Guarantee and Trust Company.

*Messrs. Koehler & Augenblick,* for the respondent receiver of Harold Anderson, Incorporated.

The opinion of the court was delivered by

BLACK, J.

In this case, there is an appeal from an order or decree of the court of chancery, dated November 13th, 1928, in which it is ordered that the receiver be allowed for his services the sum of $4,000; the counsel for the receiver be allowed for their services the sum of $3,000; the special master be allowed for his services, in stating and auditing the receiver's final account, the sum of $500. The appeal is made from that part of the order or decree that allows such sums for the services rendered, on the ground that they are excessive and above the value of the services rendered and grossly disproportionate to the amount of money handled and the labor involved. Our reading of the testimony leads us to that conclusion. We think an allowance of $1,500 to the receiver, an allowance of $1,000 to .the counsel and an allowance of $100 to the special master is ample compensation for such services, as the testimony shows, were rendered in this case.

It would serve no useful purpose to review the facts at length; suffice it to say, that the testimony brought up in the printed book shows the receiver's final report and account. It contains schedules A, B, C, D, E, F, G, H, I, J

and K. Schedule A, receipts, consists of four (4) items, total $33,500. Schedule B, disbursements, total $136.19. Schedule I, list of claims allowed as general claims, total $26,926.66. Schedule J, general disbursements, $57.04. Schedule K, sales expenses, $79.15. The fund was derived from the foreclosure of two real estate mortgages and the sale of the Davega apartment $1,500, total $33,500. From this it is quite clear that these allowances are excessive, as advised by the learned vice-chancellor. The compensation allowed should be measured by the reasonable value of the services. What is reasonable compensation may and often does vary, depending upon a variety of circumstances in each case. It should bear some fair proportion to the services actually rendered, which is not the case in the order or decree under review. Many circumstances doubtless must be considered, such as the labor and time involved, the nature of the litigation, the responsibility imposed, the amount involved and the like.

This subject is fully discussed in *6 Corp. Jur. 748, 752 § 331c; 2 R. C. L. 1031 § 114.*

The decree of the court of chancery will be remitted to that court directing the decree to be modified and to enter a decree in accordance with this opinion.

*For modification*—THE CHIEF-JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.