WARREN COUNTY ORPHANS COURT.

IN RE NIXON'S ESTATE.

Decided March 29, 1943.

For the appellant William Nixon, *Lewis S. Beers* and *William P. Tallman.*

For the executor and respondent, Francis L. Thompson, and for Jeanne Lommason, legatee, *Ryman Herr* and *Wesley L. Lance.*

For Delilah Aagaard and Harriet Little, legatees, *Wilbur M. Rush* and *W. Reading Gebhardt.*

For Carrie M. Nixon, guardian *ad litem* of Joseph Nixon, residuary legatee-co-appellant, *Claude E. Cook.*

For Grace Nixon, legatee, and for Grace Nixon, administratrix of Donald L. Nixon's estate, *Thomas Kelly, Jr.*

For the surrogate as guardian *ad litem* of Donald Nixon, Grace Helen Nixon and Charles Nixon, minor children of Grace Nixon, and for William Nixon, in military service, *Andrew Varga, Jr.*

Rosecrans, C. P. J. This is an application for the settlement of the decree and for the allowance of counsel fees and expenses in a will contest. On appeal from probate pursuant to *N. J. S. A.* 3 :2–52, and following the taking of proofs, an opinion was filed sustaining the allegation of the contestant that the will was the product of undue influence exercised by decedent's attorney, Francis L. Thompson, the executor and a legatee, and that probate should be denied.

The statute governing the allowance of costs and expenses of such litigation is *N. J. S. A.* 3 :2–51. A number of counsel were concerned not only for the contestant and the executor-proponent but also for certain legatees and other interested parties. Application for fees is made by all counsel.

In a contest over probate, as is usual in a judicial proceeding, there are but two opposing parties litigant: Those contesting are on one side, and the others, "not having appealed, * * * can only be heard in support of the decree below." *Mary Hynes' Will,* 69 *N. J. Eq.* 485; 60 *Atl. Rep.* 951, 952; *Id.,* 71 *N. J. Eq.* 306; 71 *Atl. Rep.* 1134. *Cf. In re Cool's Estate,* 19 *N. J. Mis. R.* 236; 18 *Atl. Rep. (2d)* 714. These others include the necessary parties cited, as well as proper parties interested as legatees or next of kin who may become concerned in the controversy by appearing and taking part. *Bioren* v. *Nesler,* 76 *N. J. Eq.* 576; 74 *Atl. Rep.* 791; *In re Myers' Estate,* 69 *N. J. Eq.* 793; 64 *Atl. Rep.* 138. The costs statute, *supra,* refers only to "the contestant" and "the proponent." Therefore, counsel fees in a will contest should be aggregate allowances for each side regardless of the number of counsel involved. The fees may be divided among the counsel.

On the part of the proponent and other proper parties the

total counsel fees requested amount to $3,500. The contestant as the successful party prays for an allowance of $2,800. No proofs have been offered particularizing the services rendered (except a generalized statement furnished on behalf of one counsel which is not informative as to the nature and extent of his services). In the absence of other evidence the only guide to the extent and value of the services is the record.

The general rule for the admeasurement of counsel fees is based upon: (1) The time and labor expended, depending upon the experience and ability of counsel; (2) the results accomplished in relation to their importance to the estate and the parties; (3) the magnitude of the interests involved and the consequent responsibility imposed; (4) any special circumstance affecting the service. *Franklin, &c., Co.* v. *Anderson Co.,* 105 *N. J. Eq.* 542; 148 *Atl. Rep.* 792; *In re Turnbull's Estate,* 1 *N. J. Mis. R.* 41; 5 *Am. Jur., Attys. at Law,* § 198; 9 *A. L. R.* 257, annotation. There was some preparation of the factual questions on both sides, but the applicable legal principles were fairly certain. No trial brief as directed by rule 48 of the Orphans Courts, *N. J. S. A., tit.* 2, was furnished by any counsel. The hearing required but one day. The assets of the estate total about $50,000. The successful contestant is of course entitled to counsel fees and expenses. The practice generally has been to make an allowance out of the estate to an executor-proponent and other proper parties joining, even though they be unsuccessful.

Consideration of all the circumstances and the pertinent rules leads to the conclusion that a reasonable counsel fee for each side is $750.

The allowance to the respondents will be divided as follows:

| | |
|---|---|
| Messrs. Herr and Lance | $500.00 |
| Messrs. Rush and Gebhardt each $75 | 150.00 |
| Mr. Kelly | 50.00 |
| Mr. Varga | 50.00 |
| Total | $750.00 |

The allowance to the appellant shall be:

Messrs. Beers and Tallman .................... $700.00
Mr. Cook ................................... 50.00

Total ................................. $750.00

The expenses of the respective parties and the counsel fees so allowed should be taxed as part of the costs and be paid out of the assets of this estate.