49 N.J. Super. 408 (1958)
139 A.2d 808
IN THE MATTER OF THE ESTATE OF MARY E. GILLEN, DECEASED.
Superior Court of New Jersey, Passaic County Court, Probate Division.
Decided March 26, 1958.
*409 Mr. Hugh C. Spernow, attorney for plaintiffs.
Mr. Harry Cohn, attorney for executor.
Messrs. David and Albert L. Cohn (Mr. Albert L. Cohn, appearing), attorneys for caveator.
COLLESTER, J.C.C.
On September 6, 1957 an order was issued on the application of Patricia McIlroy and James Clarken, directing Joseph A. Clarken, executor, and Thomas J. Clarken to show cause why a judgment entered in this court on November 30, 1956 admitting to probate the last will and testament of Mary E. Gillen, deceased, should not be set aside on the ground that a fraud had been perpetrated on this court.
Testimony in support of this application having been presented, Joseph A. Clarken, executor, and Thomas J. Clarken moved to dismiss said application on the ground that the time for making the same had expired and on the further ground that such evidence did not sustain a charge that a fraud had been perpetrated on the court. The taking of testimony in opposition to the relief sought was reserved pending disposition of this motion.
*410 Mary E. Gillen died on June 24, 1956, having been survived by two brothers, Joseph A. Clarken and Thomas J. Clarken, and two children of a deceased brother, namely, Patricia McIlroy and James Clarken. Her last will and testament was executed on December 28, 1949 and it was duly admitted to probate by the Passaic County Surrogate on July 6, 1956 The principal beneficiary and the executor named therein was Joseph A. Clarken. No provision was made in said will for Thomas J. Clarken, Patricia McIlroy, or James Clarken.
On August 7, 1956, on application of Thomas J. Clarken, an order issued out of this court directing said executor and proponent of the will to show cause why the judgment of the surrogate admitting said will to probate should not be set aside.
Subsequently, on September 14, 1956 and November 9, 1956. testimony was presented in support of the caveator's contentions. After various witnesses had testified and before the completion of the hearings, the parties to the proceeding, namely, Joseph A. Clarken, executor and proponent, and Thomas J. Clarken, caveator, through their respective counsel informed the court that they had agreed upon a settlement. Accordingly, they stated to the court that it had been agreed that the caveat filed against the probate of the will was withdrawn; that the probate of the will would be affirmed; that after payment of debts, administration expenses and costs the balance of the estate would be distributed by payment of $2,500 to Patricia McIlroy, $2,500 to James Clarken, and the residue would be distributed equally between Joseph A. Clarken and Thomas J. Clarken. The settlement having been approved, a judgment consented to by the parties to the litigation withdrawing the application to set aside the judgment of probate by the surrogate and affirming said probate by this court was entered on November 30, 1956.
It is conceded that although both Patricia McIlroy and James Clarken knew of the death of Mary E. Gillen and the terms of the will admitted to probate shortly after such *411 events occurred, they made no attempt to set aside said will or to intervene as parties to such a proceeding. Their first attempt to participate in any way was taken on September 6, 1957, when they initiated the present proceeding.
R.R. 5:3-4 provides that any person aggrieved by a judgment of the surrogate's court may move before the County Court to set aside a judgment entered by the surrogate, provided notice of motion is served upon the plaintiff (executor and proponent of the will) within three months after entry of judgment (if residents) and within six months, if non-residents of the State. Both Patricia McIlroy and James Clarken are non-residents of New Jersey.
It is apparent that their application was made 15 months after judgment admitting the will to probate was entered by the surrogate and over nine months after the judgment entered in the County Court; hence they are entitled to no relief under R.R. 5:3-4.
It is likewise apparent that while as "aggrieved persons" they could have taken an appeal from the judgment of the County Court within 45 days of the entry of judgment pursuant to R.R. 1:3-1 (In re Wherry, 131 N.J. Eq. 505 (E. & A. 1942)), they are barred by lapse of time.
Relief, if any, accordingly is available only under R.R. 4:62-2, which under R.R. 5:3-7 is applicable to all actions in the Probate Division of the County Court.
R.R. 4:62-2 provides that the court may relieve a party from final judgment for certain specific reasons if the motion seeking such relief is made within one year after the entry of judgment. It further provides that such rule does not limit the power of the court to set aside a judgment for fraud upon the court.
It is thus apparent that unless the evidence presented to this court shows a fraud was perpetrated upon this court, the application must be dismissed.
Patricia McIlroy and James Clarken allege that the fraud which should set aside the judgment of probate was comprised as follows:
*412 1. Joseph Clarken, executor and proponent of the will did not list them as next of kin or heirs at law of the decedent in the complaint for probate of the will.
2. Dr. Thompson testified at the hearing in support of the caveator that the decedent was not competent to execute a will on the date it was alleged to have been made.
3. That when the settlement was announced to the court it was stated that it met with the approval of all parties involved, which was not true; neither Patricia McIlroy nor James Clarken having been consulted or having any knowledge thereof at the time.
4. That Patricia McIlroy and James Clarken had not authorized anyone to act on their behalf and were not advised of the date of hearing.
The failure of the executor to comply with the provisions of R.R. 4:99-1 (made applicable to the surrogate's court under R.R. 5:4-1) in not listing Patricia McIlroy and James Clarken as heirs at law and next of kin in the complaint for probate of the will does not affect the proceedings. In re Banvard's Estate, 83 N.J. Eq. 286 (Prerog. 1914), affirmed 83 N.J. Eq. 694 (E. & A. 1914); 5 N.J. Practice (Clapp, Wills and Administration), sec. 68, p. 161.
The fact that a medical witness testified at the initial hearing to set aside the will that the decedent was not competent to execute a will has no bearing on the issues in the present proceeding. The hearings held by the court on the validity of the will were never consummated. No determination of the issues raised therein was ever made by the court on the merits in view of the termination of the proceedings by a settlement and a withdrawal of the application to review the surrogate's judgment. Certainly the testimony of a witness relating to an issue which was not heard and adjudicated on the merits, is not evidence of a fraud upon the court.
It is conceded that although Patricia McIlroy and James Clarken knew of the death of Mary E. Gillen immediately upon or shortly after that event; knew of the probate of a will which by its terms excluded them and benefited only *413 Joseph Clarken, and knew that Thomas J. Clarken had taken an appeal in an effort to set aside the surrogate's judgment  they never intervened in the proceedings.
It is well settled that the Probate Division of the County Court has the power to dismiss an appeal taken from a judgment of the surrogate admitting a will to probate, with the consent of the appellant and without notice to other "aggrieved persons" who did not interfere, and without hearing the subject matter of the appeal. In re Hynes' Will, 69 N.J. Eq. 485 (Prerog. 1905), affirmed 71 N J. Eq. 306 (E. & A. 1906); In re Bolles, 115 N.J. Eq. 300, 303 (E. & A. 1933); In re McCabe's Estate, 125 N.J. Eq. 278, 283 (E. & A. 1938); In re Wherry, 131 N.J. Eq. 505, 510 (E. & A. 1942) (distinguished).
It is true that when counsel stated the terms of the settlement to the court which terminated the attack upon the judgment entered by the surrogate's court, the court inquired into whether the settlement terms met with the approval of all the "parties" involved and counsel for both the executor and the caveator answered in the affirmative.
However, the only "parties" involved in the matter then before the court were the executor and the caveator. Neither Patricia McIlroy nor James Clarken had intervened in the proceedings to invalidate the will, nor had they authorized anyone to act for them.
R.R. 5:3-5 (b) provides that if any action is brought before the County Court because of the filing of a caveat in the surrogate's court or because of a dispute in that court, the plaintiff (executor or proponent) and the caveator or the disputant shall be the only indispensable parties to the action. The rule further provides that persons in interest may intervene.
See also, In re Myers' Estate, 69 N.J. Eq. 793 (E. & A. 1906); Bioren v. Nesler, 76 N.J. Eq. 576 (Prerog. 1909), affirmed 77 N.J. Eq. 560 (E. & A. 1910).
No evidence appears in this case that Mrs. McIlroy or James Clarken at any time following the death of the decedent had any communication or contact with Joseph *414 Clarken, the executor of the estate. There is no evidence of any fraud having been perpetrated by the executor, either upon the court or upon Mrs. McIlroy or James Clarken.
There is no evidence that Thomas J. Clarken, the caveator, perpetrated a fraud upon the court.
The fact that the latter withdrew his caveat, or application for a review of the surrogate's judgment of probate, is certainly not a fraud upon the court, nor a fraud upon his nephew and niece. He was not obligated to proceed with his caveat to a final adjudication. In re Hynes' Will, 69 N.J. Eq. 485, 486 (Prerog. 1905), affirmed 71 N.J. Eq. 306 (E. & A. 1906).
In the Myers case, 67 N.J. Eq. 560 (Prerog. 1904), the caveator withdrew her caveat on a promise by the decedent's widow to pay her some money  which she later failed to do. The court said:
"It does not disclose any fraud committed upon the court, nor does it evince any fraud committed upon the persons. It merely discloses that they withdrew from the contest relating to their personal rights and interest in consideration of promises which were not performed."
See also, In re Baker's Estate, 61 N.J. Eq. 592 (Prerog. 1900).
It is therefore the finding of this court that no fraud was perpetrated upon it and hence the proceeding to set aside the judgment must be denied.
A concurrent proceeding, namely, the exception filed by Patricia McIlroy and James Clarken to the final account of the executor which has been presented to the court for judicial settlement, will likewise be dismissed since it involves the same issues as raised in the proceeding to set aside the judgment.