In the matter of the estate of CHARLES MYERS, deceased.

JOSEPH HAMSCHER et al., appellants,

*v.*

CHARLES G. MYERS, respondent.

[Argued March 29th, 1905. Decided June 18th, 1906.]

When caveats are filed against the probate of a will service of citations upon the caveators and upon those propounding the will for probate vests in the orphans court of the proper county complete jurisdiction over the question of probate.

On appeal from a decree of the prerogative court. The opinion of Magie, Ordinary, is reported in *67 N. J. Eq. 560*.

*Mr. Matthew Jefferson* and *Mr. John W. Wescott*, for the appellants.

*Mr. William T. Boyle, Mr. Howard Carrow* and *Mr. R. O. Moon* (of the Philadelphia bar), for the respondents.

The court, having conferred upon this case and reached a conclusion therein, requested Mr. Justice Dixon to prepare an opinion. The following was prepared and copies distributed by him among the members of the court shortly before his death. It has been approved and adopted as the opinion of the court:

DIXON, J.

On January 5th, 1897, Charles Myers, a resident of Cape May county, died in that county, leaving an instrument purporting to be his last will, in which his son James was named as one of the executors. On February 3d, 1897, Mary F. De Roche, a daughter of the deceased, filed with the surrogate of the county a caveat against the probate of any paper purporting to be the will of her father. On April 14th, 1897, James applied to the surrogate for probate of the instrument, and thereupon the surrogate issued citations to certain relatives of the testator, among them the caveator and the executor, to appear before the orphans court on June 8th, 1897. In pursuance of these citations the question of probate was tried in the orphans court, and on July 3d, 1897, a decree was made adjudging the instrument to be the last will of Charles Myers and admitting it to probate. Under this decree James qualified as executor and administered the estate, and his final account was settled and allowed by the court on September 20th, 1898.

On January 19th, 1903, Joseph Hamscher, a grandson of the testator, residing in Pennsylvania, presented to the orphans court a petition stating that no citation had been issued to him or to several other grandchildren also residing in Pennsylvania; that until recently they had been ignorant of the proceedings; that the alleged will was not properly executed; that Mary F. De Roche had been fraudulently induced to withdraw her caveat pending the hearing in the orphans court, and praying that the decree of probate might be vacated and the caveat reinstated in order that the parties in interest might be heard against the will. Subsequently the other grandchildren named were made parties to the petition, and on September 23d, 1903, the court made an order vacating the decree of probate and reinstating the caveat. On appeal by the executor to the prerogative court that order was reversed, and the petitioners now appeal to this court against such reversal.

A fundamental question arising on this appeal is whether the orphans court had power in 1903 to vacate its decree made in 1897 for the reasons set forth in the petition, namely, the fraud-

ulent inducement of Mrs. De Roche to withdraw her caveat and the supposed lack of complete jurisdiction because of the failure to cite all of the next of kin.

Although the orphans court is one of general jurisdiction within certain departments of the law (*Den* v. *Hammel, 18 N. J. Law (3 Harr.) 73; Clark* v. *Costello, 59 N. J. Law (30 Vr.) 234*), still it is the creature of statute, and its authority must be found in some express enactment of the legislature or in necessary implication therefrom. *Murray* v. *Lynch, 64 N. J. Eq. (19 Dick.) 290, 300; affirmed on appeal, 65 N. J. Eq. (20 Dick.) 399.*

An act passed December 16th, 1784 (*Pal. L. p. 59*), established an orphans court in each county of the state and invested it (section VII.) with full power and authority to hear and determine "all disputes and controversies whatsoever respecting the existence of wills," and provided (section XV.) that in

"all cases whatsoever where doubts arise on the face of a will, or a caveat is put in against proving a will, and wherever disputes happen respecting the existence of a will, the surrogate shall issue citations to all persons concerned to appear at the next orphans court to be held in and for the county (which citations shall be served at least ten days before the sitting of the court), where the cause shall be heard in a summary way and determined by the judges of the said court, subject to an appeal to the prerogative court if demanded by any of the parties within one month next after the decree of the orphans court."

With some changes in arrangement and phraseology, these provisions still exist. *Elm. Dig. 360 §§ 6, 21; 2 Gen. Stat. p. 2356 §§ 2, 14, 176; P. L. 1898 p. 715 §§ 2, 13, 204.*

The foregoing statement makes it plain that the withdrawal of the caveat pending the hearing in the orphans court could have no effect whatever upon the legality of the proceedings. *Slocum* v. *Grandin, 38 N. J. Eq. (11 Stew.) 485; affirmed on appeal, 40 N. J. Eq. (13 Stew.) 342.* The function of the caveat was ended when it had raised a controversy, and the jurisdiction over the subject-matter of that controversy attached at once. *Young's Case, 67 N. J. Eq. 553, 557.* To complete the jurisdiction of the court, jurisdiction over the necessary parties was the only other requisite, and this was to be obtained by the

service of citations issued by the surrogate to "all persons con-
cerned."

This expression, "all persons concerned," has relation to each
of the three conditions upon which the jurisdiction of the court
is declared to depend, namely, (1) when doubts arise on the
face of a will; (2) when a caveat is put in against proving
a will; (3) when disputes happen respecting the existence of
a will.

The meaning of the first clause, "when doubts arise on the
face of a will," is somewhat obscure, and I am not aware of any
case in our courts which has required its interpretation. The
clause may have related to erasures or interlineations, formerly
deemed of more consequence than they are now; to doubts
whether the proposed instrument is of testamentary character,
and to apparent attempts at cancellation. But whatever its
scope, the import of the words "all persons concerned," with
regard to that class of cases, may be left for determination when
a case is presented.

The other clauses are more definite, and each indicates a con-
troversy in which the parties are readily ascertainable. In the
first of these two clauses the caveators on the one side and the
persons seeking the probate of a will on the other are indicated;
in the second the disputants, whoever they may be, alleging on
the one side and denying on the other the existence of a will
affecting their rights.

In connection with these clauses there are two possible con-
structions of the expression "all persons concerned." One is
that it includes all persons having an interest in the admission
of a will to probate; the other, that it applies only to the parties
raising the controversy.

In seeking the proper interpretation, it must be borne in mind
that the probate of a will is, in New Jersey, conclusive only re-
specting the title to personal property, and that no one has any
right to the personalty of a decedent except such as the laws of
the state allow.

Consequently the question whether such personalty shall pass
under an alleged will or under the statute of distributions is to
be determined by reference to the laws of the state alone, and a

determination made in conformity with those laws, even if made without such notice to individuals interested in the question as would be necessary to bar ordinary rights of property, is conclusive. We are therefore not compelled to give the broadest effect to these words, "all persons concerned," in order to maintain the validity of the decrees rendered by the orphans court but we may be guided by the practicability of the situation.

The persons interested in the admission of an alleged will to probate are the decedent's widow and next of kin under the statute providing for distribution of intestate estates and those who are indicated as legatees in the will. The officer on whom the statute places the duty of citing "all persons concerned" is the surrogate, who need not be, and usually is not, learned in the law.

Is it practicable for this officer to discharge the duty imposed upon him if by "all persons concerned," all persons interested in the question of probate—that is, the next of kin and legatees —are intended?

When the next of kin are remote relatives of the deceased, their ascertainment often involves doubtful questions of fact and debatable questions of law. Similarly the ascertainment of legatees is frequently dependent on the application of indefinite descriptions of persons and on the construction of obscure and contingent bequests. In disputes regarding the existence of a will said to have been lost or destroyed, the contents of the supposed writing must be proved before the questions of construction and application can be even reached. Our statute suggests no mode by which these problems can be solved before the issue of citations, and it does not seem reasonable to hold that their correct solution was intended by the legislature to be a *sine qua non* to the complete jurisdiction of the orphans court over the question whether a proposed will should be admitted to probate. In *Young's Case,* 67 *N. J. Eq. 553,* the learned ordinary expressed the opinion that the persons concerned included the beneficiaries under the will and the next of kin and heirs-at-law of the deceased. But the interpretation of those statutory words for the purpose of deciding what was necessary to complete the jurisdiction of the orphans court was not then involved.

The case was an appeal from a decree of the orphans court admitting a will to probate, and the questions for decision were whether the decree was reversible for irregularity when the rule of court requiring notice to the heirs and next of kin of the decedent and to the beneficiaries under the will had not been complied with, and whether one of the next of kin, who had not filed a caveat and who had not appeared or been cited by the orphans court, was, in the language of section 204 of the Orphans Court act of 1898, "a person aggrieved by the decree." An affirmative answer to both questions was given. But when the learned ordinary adjudged that the appellant was aggrieved by the decree, he must have considered and did in fact determine (at *p. 559*) that the orphans court had jurisdiction to establish or divest the appellant's claim to the decedent's property. That conclusion being reached, it was non-compliance with the rule which led to the reversal of the decree. But there is a marked difference between irregularity which may warrant the reversal of a decree on appeal, or even the opening of a decree during the term at which it was rendered, and a lack of jurisdiction over subject-matter or over particular persons, which vitiates the decree wholly or partly, always and everywhere.

The other construction, which limits the persons concerned to the parties raising the controversy, is entirely practicable. It is also more in accordance with the language and spirit of the act. The words of the statute confer on the court jurisdiction over *disputes and controversies*. If no dispute or controversy exists when the will is presented to the surrogate for probate, then, without notice to anyone, probate is granted, and whether granted by the ordinary, as seems to be required by the act of 1784, or by the surrogate, as has been permitted since the act of 1820, the probate is conclusive and final, subject only to the right of appeal. *Ryno's Executor* v. *Ryno's Administrator, 27 N. J. Eq. (12 C. E. Gr.) 522.* But when a caveat is filed and a will is presented, or when a dispute happens respecting the existence of a will, then the matter goes to the orphans court to be considered under its power and authority to hear and determine all such disputes and controversies.

The citation of the parties to those disputes and controversies affords reasonable protection to all interests. A caveat may be filed by any person who would be injured by the probate of a will, and its function is to prevent probate without the caveator's having an opportunity to be heard. *In re Coursen's Will, 4 N. J. Eq. (3 Gr. Ch.) 408.* But it concerns the caveator alone to this extent, that it may be withdrawn at his pleasure before the jurisdiction of the orphans court has attached. *Thurston* v. *Gough, 42 N. J. Eq. (15 Stew.) 346.* So, any person to be benefited by the probate of a will may present it or require it to be presented for probate. *2 Redf. Wills 5.* Thus, anyone interested in promoting or preventing the probate of a supposed will is entitled to make himself a party to the proceedings having such an end in view, and our statute secures an opportunity for such intervention by requiring ten days to elapse between the death of a testator and the probate of his will. When the legislature provided for thus converting "non-contentious business" before the surrogate, whose final action would be conclusive on all persons interested in the deceased's estate, into "contentious business" before the orphans court, which is to hear and determine all disputes and controversies, but without any greater conclusiveness attaching to its final decree, it is reasonable to suppose that, by the provision for notice to all persons concerned, only those persons who had made themselves parties to the contention were intended.

Our conclusion is that when caveats are filed against the probate of a will, the service of citations upon the caveators and upon those propounding the will for probate vests in the orphans court of the proper county complete jurisdiction over the question of probate.

The decree of the prerogative court reversing the order of the orphans court for the vacation of its decree of July 3d, 1897, is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN—9.

*For reversal*—None.