56 N.J. Super. 167 (1959)
152 A.2d 160
IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF LUDWIG B. MEYER, DECEASED.
EDITH MOHREN, PLAINTIFF-RESPONDENT,
v.
SADIE MEYER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1959.
Decided June 12, 1959.
*168 Before Judges GAULKIN, SULLIVAN and FOLEY.
Mr. Benjamin H. Chodash argued the cause for appellant (Messrs. Krieger & Chodash, attorneys).
Mr. Melvin N. Fine argued the cause for respondent (Mr. Joseph G. Sproviere, attorney).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This is an appeal by defendant caveatrix from the action of the County Court dismissing a caveat in a probate proceeding. The order of dismissal recites that the caveat was not filed by a person properly qualified in law to do so.
Ludwig Meyer died on September 18, 1958, a resident of New Jersey. Six days prior to his death he made a will, leaving his entire estate to Edith Mohren, a friend, who was also named executrix. The decedent left no heirs or next of kin. He was survived, however, by a sister-in-law, Sadie Meyer, who was the widow of a deceased brother, Adolph Meyer. The brother, a resident of Massachusetts, had been married to Sadie Meyer. No children were born of this marriage. The brother predeceased decedent and his widow was duly appointed administratrix of his estate in Massachusetts. The caveat against the probate of the alleged will of Ludwig Meyer was filed by Sadie Meyer as decedent's sister-in-law and also as administratrix of the estate of Adolph Meyer, brother of decedent.
A caveat against the probate of a will may only be filed by a person having rights in the decedent's estate which will be affected by the probate.
*169 "A caveat is not maintainable by a mere volunteer; it is available only to one `who would be injured by the probate of the will' and as such is entitled to an opportunity to be heard on the question."
In re Holibaugh's Will, 18 N.J. 229, at page 232, 52 A.L.R.2d 1222 (1955).
In recognition of this required status of a caveator, appellant contends that she, as the statutory heir of her late husband, and the administratrix of his estate, is entitled to inherit the entire estate of Ludwig Meyer in the event that it is adjudicated that he died intestate. Her claim is based upon the provisions of our statute on the descent and distribution of intestates' estates, the pertinent provisions of which are as follows:

N.J.S. 3A:4-4. To children when spouse dead; when to parents, brothers, sisters and issue of brothers and sisters
If there be no husband or widow, the intestate's property, real and personal, shall descend and be distributed equally among the children and such persons as legally represent any child who may have died; and if there be no child, nor any legal representative of any child, then equally among the parents and brothers and sisters, and the representatives of deceased brothers and sisters."
It is undisputed that at the time of his death, Ludwig Meyer left no widow, children or legal representatives thereof, or parents, brothers or sisters. Since appellant is the statutory heir of a deceased brother as well as administratrix of his estate, she argues that she is a "representative" of a deceased brother within the meaning of the statute (supra) and is therefore entitled to the entire estate of Ludwig Meyer in the event that it be determined that he died intestate.
The position urged by appellant is without merit. Even though as widow she be the statutory heir of a deceased brother, and even though she be the administratrix of his estate, she is not the "representative" of a deceased brother under the provisions of N.J.S. 3A:4-4. She is no blood relative of the decedent at all, but only his sister-in-law. *170 Yet, if one accepts her argument, not only would she have equal rights of inheritance with living brothers and sisters of the decedent but she would be entitled to inherit his intestate estate to the exclusion of close blood relatives, such as uncles or aunts or first cousins. These persons take as next of kindred under N.J.S. 3A:4-5, but only if there is no one capable of taking under N.J.S. 3A:4-4.
The statutory language we are concerned with came into existence in 1918. Prior to that time the statute on distribution (3 Comp. Stat. 3874 et seq., as am. by L. 1914, c. 47) did not enumerate takers beyond "parents and brothers and sisters." Inheritance by others than those enumerated was per capita under the next of kindred section. In 1918 (L. 1918, c. 63, p. 179) the statute was amended by adding after "brothers and sisters" the following:
"* * * and the representatives of deceased brothers and sisters; provided, that no representation shall be admitted among collaterals after deceased brothers' and sisters' children."
The effect of this amendment was to bring theretofore excluded children of a deceased brother and sister up to the same level as living brothers and sisters, the children however to take only by way of representation, i.e., as the representatives of their deceased parents. That is why the word "representatives" was used. It clearly means "issue" of deceased brothers and sisters, but only in a representative capacity. In re Tantum's Estate, 97 N.J. Eq. 271 (Prerog. 1924). In the case of In re Miller's Estate, 103 N.J. Eq. 86 (Prerog. 1928); affirmed 104 N.J. Eq. 491 (E. & A. 1929), the court, in discussing the use of the word "representatives" in the several sections of the statute of distributions, had this to say at page 88.
"* * * There is no doubt that in all these instances by `representatives' is meant the descendants per stirpes, except that as to the representatives of deceased brothers and sisters the descendants are * * * limited to children."
*171 In 5 N.J. Practice (Clapp, Wills and Administration), § 120, it is stated that "The statute of distributions speaks of `representatives' in the sense of issue when providing for substitutionary distribution." The revision of Title 3 in 1951 eliminated the provision which limited the representation to children of deceased brothers and sisters. The effect of this was to allow issue of deceased brothers and sisters to take by representation to the remotest degree. See Clapp, Foreword to N.J.S. 3A, pp. IX, X.
It is clear that the word "representatives" in the statute N.J.S. 3A:4-4 means "issue" taking per stirpes or in a representative capacity. Since appellant is not a representative of a deceased brother under the statute (supra), she has no standing to file a caveat against the probate of decedent's will. The judgment is in all respects affirmed.