83 N.J. Super. 116 (1964)
199 A.2d 46
IN THE MATTER OF THE PROBATE OF THE WILL OF JOSEPH H. FRIEDMAN, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued February 17, 1964.
Decided March 26, 1964.
*117 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. George N. Arvanitis argued the cause for appellant, Rose Emma Friedman (Mr. George Levinson, attorney; Mr. Robert V. Carton, of counsel).
Mr. Jay R. Benenson argued the cause for respondent, David E. Feldman, Executor of the Estate of Joseph H. Friedman, deceased (Messrs. Furst, Furst & Feldman, attorneys).
PER CURIAM.
The issue presented on this appeal is whether appellant, who denominates herself Rose Emma Friedman, but is referred to by respondent as "Rose Emma Gross, also known as Rose Emma Friedman," possesses legal status to prosecute a caveat against probate of the will of Joseph H. Friedman, deceased. The Monmouth County Court, Probate Division, held she did not, and dismissed her caveat. In the order the court also expressly adjudicated that "Rose Gross, also known as Rose Emma Friedman, was not lawfully married *118 to Joseph H. Friedman, deceased," and therefore failed to establish any interest in the proceedings.
Rose appeals, asserting grievances both in respect of the determination of lack of status as caveator in the probate proceedings and of the adjudication of absence of a lawful marriage between herself and the decedent.
We can, and in our judgment should, determine this appeal without deciding whether Rose and Mr. Friedman were man and wife at the time of his death. The latter question is clouded with problems arising from an earlier relationship between Rose and one Gross, certain divorce proceedings between Rose and the decedent, and the latter's most recent marriage with another woman. See our recent discussion of the various presumptions which operate in this kind of muddled marital complex in Booker v. James Spence Iron Foundry, 80 N.J. Super. 68 (App. Div. 1963).
We assume for purposes of this appeal, without so deciding, that as of June 28, 1949 Rose was the lawful wife of the decedent. But on that date there was entered in the Superior Court, Chancery Division, a final judgment of limited divorce between the parties, in a proceeding wherein Rose was the plaintiff, separating the parties "from bed and board forever." This judgment has been misdescribed in Rose's brief on this appeal as a judgment of separate maintenance. Of course, it is not. Compare N.J.S. 2A:34-5 with N.J.S. 2A:34-24, and see the discussion of the difference in status resulting from judgments in these respective types of proceedings in Lavino v. Lavino, 23 N.J. 635 (1957).
Determinative of this appeal is the content of N.J.S. 2A:34-6 which provides:
"For and during the time that any judgment for divorce from bed and board shall remain in force and effect all property rights of the parties shall be as though a judgment of absolute divorce had been entered."
In Lavino v. Lavino, supra, it was held that this statute had the effect of barring dower of a wife in respect of *119 property acquired by a husband after enactment of the statute and while a judgment of limited divorce between them was in effect. We entertain no doubt that the respondent executor is right in his contention that the act also causes such a judgment to abrogate any right of intestate inheritance of a wife in her husband's estate if he dies when a judgment of limited divorce between them is still in effect. Such right would be plainly comprehended within the statutory language, "all property rights of the parties." Appellant has not argued to the contrary either in her brief or in the reply memorandum she filed after oral argument, notwithstanding respondent made the foregoing point as to the effect of the statute in respect of a limited divorce in his answering brief on this appeal. Nor has appellant contended below or here that the effect of the limited divorce was ever terminated by any subsequent valid divorce between the parties. In fact, her position is to the contrary.
We therefore affirm the dismissal of the caveat on the ground solely that perforce of the statute Rose had no pecuniary rights in the estate even if she was lawfully married to decedent when he died, and thus had no status as caveator. 5 N.J. Practice Series (Clapp, Wills and Administration), § 120, p. 212 (1962).
Rose appears on this appeal to be more concerned with that part of the order under review which adjudicates the absence of a marriage between Friedman and herself than that which dismisses the caveat. She contends she was given no fair notice of the raising of the former issue and points to the possible effect of such an adjudication on the status of an adult son of the union with Friedman. Whether or not there is any basis for concern in that regard, we agree that there is no need, in view of our determination above, that this record should contain an adjudication of the absence of a marriage between Rose and decedent. That adjudication is therefore set aside but without prejudice.
Except for the modification just declared, the order under appeal is affirmed, without costs.