582 A.2d 818

IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL
OF REINE T. HUGHES, DECEASED.

Superior Court of New Jersey
Appellate Division

Submitted October 15, 1990—Decided November 14, 1990.

Before Judges PETRELLA, BILDER and MUIR, Jr.

*Nicholas J. Schuldt, III,* attorney for caveator-appellant Arthur G. Nevins.

*Raymond R.* and *Ann W. Trombadore,* attorneys for defendant-respondent Diane DiNicola (*Megan C. Seel,* on the brief).

No other parties participated in this appeal.

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

Arthur G. Nevins, Jr. filed a caveat against the probate of his wife's January 3, 1989 will. That caveat was dismissed by the Probate Part Judge on the ground of lack of standing. Nevins appeals.

Nevins, a practicing attorney, married Reine T. Hughes (decedent) in 1982, but apparently began seeing another woman, Amanda Mitchell, in 1984 and had a daughter by her in August 1986. He separated from his now deceased wife in June 1986 and filed a complaint for divorce in October 1988.

A property settlement agreement drafted by Nevins and executed by him and decedent on November 9, 1988, stated that

each party waived any claim or interest which he or she had in the estate or property of the other, including the right to elect a spousal share under state statutes. Each party agreed therein to refrain "from any action or proceeding which may tend to avoid or nullify to any extent or in any particular" the terms of any will then in existence or which might thereafter be executed.

On January 6, 1989, Nevins' attorney advised decedent that a divorce hearing was scheduled for January 30, 1989. However, Nevins learned on January 18, 1989, that decedent was seriously ill from lung cancer which had metastasized to the brain. Nevins visited decedent in the hospital. He acceded to her request not to go through with the divorce and returned to her the wedding ring he had given her when they married, and which she had given back to him when they separated. The divorce hearing was postponed by Nevins' attorney due to decedent's illness. She died on February 17, 1989. On February 22, 1989, Nevins' attorney requested that the divorce complaint be dismissed because of decedent's death. Nevins married Mitchell in May 1989.

Decedent's will, executed on January 3, 1989 to replace a prior will, gave her entire estate (asserted by Nevins to be $900,000) to one of the proponents of the will, Diane DiNicola Powers, described in her will as "my friend Diane Di Nicola." [1] Decedent's estate included an 18–acre farm in Flemington, New Jersey, of which Powers (DiNicola) and her husband were tenants. The other major asset of the decedent's estate is said to be an advertising business which she owned and operated.

Based on his claim that decedent had been the subject of improper influence by Powers and her husband, Nevins apparently contacted an attorney and first cousin of decedent, who, along with seven other first cousins, would have been heirs of decedent under the intestacy statutes. The cousins filed cave-

---

[1] The other proponent was Diane DiNicola Powers' husband, Scott Powers.

ats to the will, as did Nevins. After discovery had taken place, the proponents of the will moved for summary judgment dismissing Nevins' caveat. Their motion was granted for reasons expressed in the trial judge's October 27, 1989 oral decision, and judgment was entered December 1, 1989. In that decision and the judgment Nevins' request for attorney's fees was denied.

On December 14, 1989, Nevins filed a motion for reconsideration which was denied on January 31, 1990. The remaining caveators proceeded to trial on February 26 and February 27, 1990. On February 27, 1990, these caveators agreed to a settlement in which decedent's will was admitted to probate. They received $30,000 in satisfaction of their claims and $40,000 in attorneys' fees and costs. Approximately $70,000 in fees and costs was awarded to the attorney for the proponents of the will. The settlement agreement was incorporated in a March 20, 1990 order of judgment.[2]

On his appeal, Nevins argues that he has standing to file a caveat and participate in the will contest. He also argues that the proponents of his deceased wife's January 3, 1989 will did not meet their burden of proof to overcome a presumption of undue influence and that the court erred in not so holding. Finally, he argues that under *R.* 4:42-9 he should be allowed counsel fees.

We have considered Nevins' contentions and reject them. Some brief comment is warranted, however. A caveat is not maintainable by a mere volunteer; it is available only to one "who would be injured by the probate of the will" and as such is entitled to an opportunity to be heard on the question. *In re Holibaugh,* 18 *N.J.* 229, 232, 113 *A.*2d 654 (1955), quoting *In re Myers' Estate,* 69 *N.J.Eq.* 793, 799, 64 *A.* 138 (E. & A.1905). An

[2]Since the matter was finally disposed of as to all issues and to all parties on March 20, 1990, the notice of appeal filed by Nevins on March 14, 1989 was prematurely filed. We bypass the technical deficiency and nevertheless proceed to the merits.

individual who would be injured by the will is one who would be pecuniarily prejudiced by it. See 5 *N.J. Practice Series*, (Clapp, *Wills and Administration* ), § 120, p. 300 (Rev. 3rd Ed.1982). Thus, it has been held that a caveat may only be filed by one with a pecuniary interest in an estate. *In re Friedman*, 83 *N.J.Super.* 116, 119, 199 *A.*2d 46 (App.Div.1964); *In re Probate of Meyers' Will*, 56 *N.J.Super.* 167, 168, 152 *A.*2d 160 (App.Div. 1959). See also *In re Estate of Margow*, 77 *N.J.* 316, 323, 390 *A.*2d 591 (1978), holding that although it was speculative whether the caveator would be financially injured by the probate of the challenged will, as opposed to an earlier will, the far-reaching questions raised by the will proponent's unauthorized practice of law affected the public interest and called for resolution by the court under its constitutional authority to regulate the · practice of law.

 Nevins acknowledges and concedes in the first two sentences of the argument in his brief that he has no pecuniary interest in decedent's estate because under the property settlement agreement he had contracted away any such rights. However, he contends that as decedent's husband he has a right to file a caveat, and analogizes his position to a husband who, although he may have no rights to his wife's estate, is nevertheless eligible to administer the estate if she dies intestate.[3] We find his argument to be a non-sequitur, and in any event decedent died testate. Nevins also argues that as a creditor of the estate under the property settlement agreement he may file a caveat. In addition, in an apparent attempt to influence resolution of the matter, Nevins highlights a fact not fully expressed in a legal argument: he suggests that the

---

[3]While *N.J.S.A.* 3B:10–2 provides that a surviving spouse of an intestate decedent shall be granted administration of the estate if he or she accepts, the waiver by a property settlement agreement, see *N.J.S.A.* 3B:8–10, or the existence of circumstances referred to in *N.J.S.A.* 3B:8–1, specifying when an individual does not have a right of election against his spouse's estate, would appear to negate any entitlement to administration. *Cf. Carr v. Carr*, 120 *N.J.* 336, 344–346, 576 *A.*2d 872 (1990).

parties intended to resume their marriage when Nevins returned decedent's wedding ring to her.

We find meritless Nevins' arguments that because of his legal status as decedent's husband at the time of her death, and because of the purported intent of the parties to reconcile, he is entitled to file a caveat. However, in view of the holding in *In re Holibaugh, supra*, 18 *N.J.* at 232, 113 *A.*2d 654, that one must be injured by the probate of a will to file a caveat to it, these factors are irrelevant, unless they grant Nevins a pecuniary interest in decedent's estate. As noted, Nevins acknowledges that he has no such interest. This concession is in accord with *N.J.S.A.* 3B:8–10 which provides that an individual may waive his rights, including intestate rights, to the estate of a spouse or ex-spouse "by written contract, agreement or waiver," which would include a property settlement agreement incident to a separation or divorce. This is what Nevins did. As noted, the divorce action was pending at the time of decedent's death and dismissed thereafter.

*N.J.S.A.* 3B:8–1 grants a right of election against the estate of one's spouse

> provided that at the time of death decedent and the surviving spouse had not been living separate and apart in different habitations *or* had not ceased to cohabit as man and wife, either as the result of judgment of divorce from bed and board or under circumstances which would have given rise to a cause of action for divorce or nullity of marriage to a decedent prior to his death under the laws of this State. [Emphasis added].

The putative deathbed reconciliation would not remove Nevins from the ambit of this statutory exception since, at the time of decedent's death, they had been living separate and apart since 1986.[4] Indeed, Nevins was living with another woman whom he subsequently married. Furthermore, Nevins does not suggest that this tentative "reconciliation" abrogated the property settlement agreement. *Cf. Brazina v. Brazina*, 233 *N.J. Super.* 145, 149–151, 558 *A.*2d 69 (Ch.Div.1989) (while executory

---

[4]See *Carr v. Carr, supra* (120 *N.J.* at 344, 576 *A.*2d 872).

provisions of separation agreement will be abrogated by parties' reconciliation, reconciliation should not be deemed to have occurred until the parties have successfully completed the exploratory stage of a reconciliation and have agreed upon a true and genuine reconciliation).

Nevins' additional argument that he may file a caveat as a creditor of the estate because the December 1989 judgment in this matter allowed him 15 days within which to file any claim against the estate which he might have as a creditor is unavailing.

There was no abuse of discretion in the denial of counsel fees to Nevins. Counsel fees *may* be awarded to a will contestant, from the estate, even when probate is granted, if it appears the contestant had reasonable cause for contesting the validity of the will or codicil. *R.* 4:42–9(a)(3). However, a counsel fee award is discretionary and will not be granted in a weak or meretricious case. *In re Reisdorf,* 80 *N.J.* 319, 326–327, 403 *A.*2d 873 (1979). The judge concluded, in an appropriate exercise of discretion that fees would be denied Nevins in light of the long separation and pending divorce action between him and decedent, and given the fact that only a few months prior to his challenge he had agreed not to contest any will which his estranged wife might make.

Affirmed.