**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5550-18T1

STEVEN E. HAAS,
Individually and as Executor
Under the Last Will and
Testament of Anita R. Haas,
Deceased,

      Plaintiff-Respondent/
      Cross-Appellant,

v.

JEFFREY L. HAAS,

      Defendant-Appellant/
      Cross-Respondent.

_____

> Argued telephonically May 27, 2020 –
> Decided June 24, 2020
>
> Before Judges Yannotti and Firko.
>
> On appeal from the Superior Court of New Jersey,
> Chancery Division, Probate Part, Middlesex County,
> Docket No. 264140.
>
> Francis Joseph Ballak, Jr. argued the cause for
> appellant/cross- respondent (Goldenberg, Mackler,

Sayegh, et al., (Francis Joseph Ballak, Jr., on the briefs).

Ronald J. Busch argued the cause for respondent/cross-appellant (Busch and Busch, LLP, attorneys; Ronald J. Busch, on the briefs).

PER CURIAM

Defendant Jeffrey L. Haas[1] appeals from an order entered by the Chancery Division, Probate Part, on July 8, 2019, which overruled his caveat to the last will and testament of Anita R. Haas and admitted the will to probate. The order also awarded fees to the attorney for Steven E. Haas to be paid by the estate, but denied fees requested by Jeffrey.

Plaintiff Steven cross-appeals and seeks to have the award of counsel fees paid by Jeffrey individually and not the estate. We have reviewed the arguments in light of the record and applicable law and affirm.

I.

We discern the following facts from the record. Anita died testate on February 5, 2019. She had two children, Steven and Jeffrey. Her last will and testament, executed on April 19, 2018, directed the executor to pay her debts and funeral expenses, and left the residuary estate to her husband, Lawrence

---

[1] Inasmuch as all parties bear the same surname, we use their first names for clarity, meaning no familiarity or disrespect.

A-5550-18T1

Haas. The will states that in the event Lawrence predeceases her, then her residuary estate would be left to Steven and Jeffrey in equal shares.

Lawrence died in August 2018. After Anita's subsequent death, Steven, who was named executor, submitted her will to probate. After Jeffrey filed a caveat to the will, Steven filed a complaint and order to show cause (OTSC) in a summary action to strike the caveat and admit the will to probate. Jeffrey filed a counterclaim asserting the will was procured by undue influence. He contended that Steven lived with their parents for eighteen years; was financially dependent on them; and incapable of serving as executor.

According to Jeffrey, he was named as the executor of his mother's estate in her prior wills and both of his parents had significant health issues. He alleged Anita changed her will and named Steven as executor in April 2018 because Steven exerted undue influence over his parents. Jeffrey requested discovery, including production of his mother's prior wills, to support his undue influence claim, and a plenary hearing. He did not challenge the disposition of the estate.

On June 14, 2019, in an oral decision, the probate judge dismissed the caveat; admitted Anita's April 19, 2018 will to probate; and named Steven as executor of the estate. In ruling on the OTSC, the judge noted there was no evidence that Steven could not properly administer the estate. There also was

no evidence that Anita named Jeffrey as her executor under a prior will, or any proof to support the claim that Steven exerted undue influence in being named as executor. The judge awarded counsel fees in favor of Steven and against the estate.

On June 21, 2019, Steven's counsel submitted a certification of services in application for counsel fees. On July 8, 2019, the judge entered an order memorializing his June 14, 2019 decision and awarding $7895 for legal services to Steven's counsel, Ronald J. Busch, Esq. No attorney's fees were awarded to Backes and Backes, LLC, former counsel for Jeffrey. The judge ordered Mr. Busch's fee to be paid by the estate.

On appeal, Jeffrey argues: (1) the judge erred in granting the relief sought in the OTSC without permitting discovery or conducting a plenary hearing; and (2) the judge abused his discretion in awarding fees to Steven's attorney and denying fees to his former counsel.

In his cross-appeal, Steven argues that the award of counsel fees to Mr. Busch was proper but should have been assessed against Jeffrey individually and not against the estate.

A-5550-18T1

## II.

Steven commenced this action in accordance with Rule 4:83-1 which provides, in part: "[u]nless otherwise specified, all actions in the Superior Court, Chancery Division, Probate Part, shall be brought in a summary manner by the filing of a complaint and issuance of an [OTSC] pursuant to R. 4:67." See also N.J.S.A. 3B:2-4. Under Rule 4:67-5, the trial court must try the case on the return date of the OTSC or on a "short day" as it fixes. The trial court is compelled to hold a hearing if "there may be a genuine issue as to a material fact," at which the court "shall hear the evidence as to those matters which may be genuinely in issue, and render final judgment." Ibid. But, if "the affidavits show palpably that there is no genuine issue as to any material fact, the court may try the action on the pleadings and affidavits, and render final judgment thereon." Ibid.

Here, the judge's review of the pleadings led to his conclusion there was "no reason" to change the executor. Under the supervision of the Middlesex County Surrogate, the judge concluded that Steven was able to administer the estate, which was not "complex," for the benefit of the heirs. The judge went on to state there was nothing "wrong" with the parents changing the

administration of the will to the son "that stays at home and takes care of them . . . and provides comfort for them . . . ."

Our review of summary actions conducted pursuant to Rule 4:67 applies the usual standard for civil cases. See e.g., O'Connell v. N.J. Mfrs. Ins. Co., 306 N.J. Super. 166, 172-73 (App. Div. 1997) (applying a substantial-credible-evidence standard in reviewing a decision from a summary action), appeal dismissed, 157 N.J. 537 (1998). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974). When a court makes findings of fact based on documentary evidence alone, however, no special deference is warranted. See Clowes v. Terminix Int'l Inc., 109 N.J. 575, 587 (1988); Jock v. Zoning Bd. of Adjustment, 371 N.J. Super. 547, 554 (App. Div. 2004), rev'd on other grounds, 184 N.J. 562 (2005). And, "[o]ur review of a trial judge's legal conclusions is de novo." Walid v. Yolanda for Irene Couture, Inc., 425 N.J. Super. 171, 179-80 (App. Div. 2012).

Jeffrey contends he presented sufficient evidence that Anita's will was the product of undue influence to warrant discovery and a plenary hearing. Our courts have long recognized that undue influence is "mental, moral or physical" exertion sufficient to preclude the testator's exercise of free will, by preventing

them "from following the dictates of [their] own mind," and succumbing to "the domination and influence of another," in dividing their estate.  In re Estate of Neuman, 133 N.J. Eq. 532, 534 (E. & A. 1943); see also Haynes v. First Nat'l State Bank of N.J., 87 N.J. 163, 176 (1981).

The shifting burdens of proving undue influence were explained by our Supreme Court:

> Ordinarily, the burden of proving undue influence falls on the will contestant.  Nevertheless, we have long held that if the will benefits one who stood in a confidential relationship to the testator and if there are additional "suspicious" circumstances, the burden shifts to the party who stood in that relationship to the testator.  In re Rittenhouse's Will, 19 N.J. 376, 378-79 (1955).  In general, there is a confidential relationship if the testator, "by reason of . . . weakness or dependence," reposes trust in the particular beneficiary, or if the parties occupied a "relation[ship] in which reliance [was] naturally inspired or in fact exist[ed]."  In re [Estate of] Hooper, 9 N.J. 280, 282 (1952).  Suspicious circumstances, for purposes of this burden shifting, need only be slight.
>
> When there is a confidential relationship coupled with suspicious circumstances, undue influence is presumed and the burden of proof shifts to the will proponent to overcome the presumption.
>
> [In re Estate of Stockdale, 196 N.J. 275, 303 (2008) (alterations in original) (internal citations omitted).]

Based upon that standard, Jeffrey's submissions to the probate judge were insufficient to establish his claim of Steven's undue influence over Anita at the time the will was executed. See In re Livingston's Will, 5 N.J. 65, 76 (1950) ("Undue influence, to vitiate a will, must be operative at the time the will is executed."). In his verified answer and counterclaim, Jeffrey asserted that for eighteen years, Steven "labored under condition of mental ill-being[;]" was "unable to work or live independently;" and was "forced" to live with their parents for the past eighteen years. Jeffrey also claimed his parents advised him "that he was the executor nominated in their [w]ills." He also averred that Steven "is unable to manage even his own affairs" but admitted he is "articulate."

In his verified complaint, Steven attested at the time of the preparation and execution of her will, Anita "was clear in her intention" to appoint him as her executor. Steven also stated that he qualified as executor for his father's estate "and has properly served in that position." Steven verified that both parents, "properly and knowingly," and "without any undue influence," appointed him to serve as executor.

Although the judge did not provide an extended analysis of this issue, we are satisfied he properly found Jeffrey failed to establish undue influence. Jeffrey's unsupported allegations are simply based on his belief. Likewise,

A-5550-18T1

Jeffrey's allegations do not identify specific time periods and no medical evidence was produced in respect of his claims of undue influence as to Anita or Steven's alleged inability to serve as executor. Moreover, Jeffrey was named as the alternate executor and the residuary estate was left to both sons in equal shares.

Jeffrey's proffer also does not establish a confidential relationship between Steven and Anita. It is not enough to demonstrate that a beneficiary who stood to benefit from the will had a close relationship with the decedent. In re Will of Liebl, 260 N.J. Super. 519, 528-29 (App. Div. 1992). Rather, there must be some showing that the decedent was particularly vulnerable to undue influence. Ibid. No evidence was presented by Jeffrey that Anita was mentally incompetent; therefore, no presumption of undue influence arises. See id. at 529. Moreover, the proffer does not establish suspicious circumstances surrounding the preparation and execution of the April 19, 2018 will.

"Summary actions are, by definition, short, concise, and immediate, and further, are 'designed to accomplish the salutary purpose of swiftly and effectively disposing of matters which lend themselves to summary treatment.'" MAG Entm't, LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534, 551 (App. Div. 2005) (quoting Depos v. Depos, 307 N.J. Super. 396, 399 (Ch.

Div. 1997)). Inasmuch as a party in a summary action proceeding is not entitled to favorable inferences such as those afforded to the respondent in a summary judgment motion, O'Connell, 306 N.J. Super. at 172, the judge correctly found Jeffrey raised no genuine issue of material fact to warrant further proceedings.

Jeffrey produced no proof that Anita lacked requisite testamentary capacity to execute the 2018 will. In considering the issue, courts must consider if the decedent was able to "comprehend the property [she was] about to dispose of; the natural objects of [her] bounty; the meaning of the business in which [she was] engaged; the relation of each of these factors to the others, and the distribution that is made by the will." Livingston's Will, 5 N.J. at 73. "[A]s a general principle, the law requires only a very low degree of mental capacity for one executing a will." Liebl, 260 N.J. Super. at 524 (quoting In re Will of Rasnick, 77 N.J. Super. 380 394 (Cty. Ct. 1962)). "[T]he burden of establishing a lack of testamentary capacity is upon the one who challenges its existence . . . . [and] must be [proven] by clear and convincing evidence." In re Estate of Hoover, 21 N.J. Super. 323, 325 (App. Div. 1952).

Jeffrey's claim that "it is inconceivable" that Anita "would voluntarily name [Steven] [as] executor in lieu of counterclaimant" does not establish her testamentary capacity in April 2018. Again, Jeffrey's proffer does not refute

Steven's assertion Anita appointed him as her executor without any undue influence, or that he is capable of administering the estate.

We conclude Jeffrey's proofs were insufficient to establish that there was a genuine issue as to any material fact.  R. 4:67-5.  Therefore, the probate judge correctly struck the caveat and admitted the will to probate.

### III.

We next address Jeffrey's contention that the judge abused his discretion in awarding counsel fees to Steven's attorneys to be paid from the estate and denying fees to his attorney.  According to Jeffrey, his pleadings were persuasive and justified discovery and a plenary hearing.  He claims the judge did not give sufficient reasons for the award.

When authorized, "fee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion."  Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).  The award of counsel fees is done at the discretion of the trial court, and is awarded substantial deference.  In re Probate of Alleged Will of Hughes, 244 N.J. Super. 322, 328 (App. Div. 1990).

A-5550-18T1

"New Jersey follows the American Rule, which requires that parties bear their own counsel fees except in the few situations specifically permitted by statute or by our Supreme Court."  In re Farnkopf, 363 N.J. Super. 382, 395 (App. Div. 2003).  Probate actions are one such instance where counsel fees may be awarded.  Ibid.  Indeed, Rule 4:42-9(a)(3) permits the court to award counsel fees in probate actions to be paid out of the estate if the contestant had reasonable cause for contesting the validity of the will.

To satisfy the "reasonable cause" requirement, petitioners seeking "an award of counsel fees must provide the court with 'a factual background reasonably justifying the inquiry as to the testamentary sufficiency of the instrument by the legal process.'"  In re Probate of Alleged Will & Codicil of Macool, 416 N.J. Super. 298, 313 (App. Div. 2010) (quoting In re Caruso, 18 N.J. 26, 35 (1955)).  In order to award counsel fees be paid out of the estate,

> there must . . . be a showing that the validity of the will was not only questionable but there was reasonable cause for actually contesting it, related to the practical effect of a successful contest, the size of the estate and the probable expenses of litigation, and the reasonably anticipated result.
>
> [Caruso, 18 N.J. at 33 (internal quotation marks and emphasis omitted).]

Additionally, the trial judge must "exercise . . . sound discretion to prevent misuse of the judicial process and the mulcting of the estate" in awarding counsel fees in probate. Id. at 36. Bearing that in mind, "[e]xcept in a weak or meretricious case, courts will normally allow counsel fees to both proponent and contestant in a will dispute." Macool, 416 N.J. Super. at 313 (alteration in original) (quoting In re Reisdorf, 80 N.J. 319, 326 (1979)).

Here, the judge found that Steven demonstrated reasonable cause warranting the award of counsel fees. The judge determined Jeffrey's challenge to Anita's will was completely dispelled by the record.

We perceive no abuse of discretion in the judge's award of counsel fees. From our independent review of the record, we are convinced that the judge's determination was reasonable. The judge's finding that, at the time of the filing of the caveat and complaint, Jeffrey had no reasonable basis to challenge the will is fully supported by the record and entitled to our deference. Therefore, the judge did not abuse his discretion by denying Jeffrey's application for the award of attorney's fees.

IV.

We next address Steven's cross-claim. Steven argues that the fees awarded should be paid by Jeffrey directly and not the estate. Steven further

contends that the estate should not be liable for fees because in essence, each of the beneficiaries would be paying one-half of those fees.

Rule 4:42-9(a)(3) provides:

> [i]n a probate action, if probate is refused, the court may make an allowance to be paid out of the estate of the decedent. If probate is granted, and it shall appear that the contestant had reasonable cause for contesting the validity of the will or codicil, the court may make an allowance to the proponent and the contestant, to be paid out of the estate.

In awarding fees in a probate action, the trial judge must exercise "sound discretion to prevent misuse of the judicial process." Caruso, 18 N.J. at 33. The judge may award fees to the attorney for the executor out of estate funds. In re Estate of Seabrook, 127 N.J. Super. 135, 142 (App. Div. 1974); see also In re Estate of Kelley, 126 N.J. Super. 376, 378 (App. Div. 1974).

There is no basis for modification of the order awarding counsel fees to be paid by the estate on these grounds. The judge's determination does not constitute an abuse of discretion or error. We are satisfied the judge's ruling on counsel fees is adequately supported by the credible evidence contained in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5550-18T1