**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2162-23

IN THE MATTER OF M.C.J.[1],
a minor.

_____

C.C.C.,

      Intervenor-Appellant.

_____

      Submitted December 10, 2024 – Decided December 23, 2024

      Before Judges Firko and Augostini.

      On appeal from the Superior Court of New Jersey, Chancery Division, Warren County, Docket No. P-21-0165.

      Bozanian McGregor LLC, attorneys for intervenor-appellant (Elton John Bozanian, on the brief).

      Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to protect the identity of the minor. R. 1:38-3(d)(11).

In this guardianship matter, appellant C.C.C. (the aunt) appeals from two probate orders. The first order, dated December 22, 2023, denied her application for counsel fees. The second order, dated February 9, 2024, denied her motion for reconsideration. We affirm both orders under review substantially for the reasons expressed by Judge Haekyoung Suh.

I.

The salient facts are not disputed. M.C.J. was born in March 2009. Her father passed away in 2012 and her mother passed away in 2021. M.C.J.'s aunt was awarded guardianship of M.C.J. On April 5, 2022, the aunt's husband was arrested for sexually abusing M.C.J. At the time of his arrest, M.C.J. was thirteen years old.

Wenstai Wang, an unrelated family friend, became acquainted with M.C.J. as a daycare provider. Wang filed an application in the Family Part[2] seeking legal and physical custody of M.C.J. A custody battle ensued between Wang and the aunt over M.C.J.

On May 3, 2023, the custody matter was resolved by way of a consent order, which granted legal and residential custody of M.C.J. to Wang. Relevant here, the consent order provides: "[e]ach party shall be reimbursed for attorneys'

---

[2] Docket number FD-21-0318-22.

fees incurred in this action, in equal amounts, up to $35,000[.00] each, subject to approval by the [c]ourt presiding over the guardianship action." The parties agreed to cap the amount of attorney's fees at $70,000.00 to be paid out of the M.C.J. Inherited Assets Trust Fund, with $35,000.00 to be paid to each party. After the consent order was entered, Wang was directed to file for guardianship of M.C.J. On August 11, 2023, Wang filed a verified complaint in the Probate Part seeking to be appointed guardian of the person and property of M.C.J.

On November 3, 2023, Judge Suh requested that both parties submit certifications of services. Despite the parties' agreement, the judge received three counsel fee applications, that "blew the top off the $70,000[.00] ceiling." The aunt's counsel submitted his certification of services for the period from May 2022 through October 2023, seeking $74,706.50; Wang's counsel sought $52,782.00; and another law firm representing Wang sought $24,615.24. The total fees requested were $152,103.74.

On December 23, 2023, Judge Suh issued a comprehensive written opinion, which partially granted Wang's counsel's fees in the amount of $35,000.00, but denied the aunt's attorney's fees in their entirety.

In her written opinion denying the aunt's attorney's fees, the judge stated the following:

Based upon the court's review of all the RPC 1.5(a) factors, the court finds that the fees charged by . . . [the aunt's] attorney in connection with the subject FD custody litigation are not reasonable. In reaching this determination, the court reviewed the certification of [the aunt's attorney]. . . . [which] is a boilerplate certification that does not address all the RPC factors.

There is no discussion of the time, labor, novelty or difficulty involved to perform the legal services rendered. Paragraph [six] of . . . [the aunt's attorney's certification] states "In the case referenced above, I served as [c]ounsel to [the aunt]. I conducted an investigation which included review of documents and pleadings, oral and written communications with plaintiff's attorney and preparation for and attendance of [c]ourt hearings." This generic description of legal services sheds no light on how and why this matter generated over $74,000[.00] in fees and should be reimbursed through the [M.C.J.] Inherited Assets Trust.

[The aunt's attorney's certification] fails to articulate how taking on this matter precluded other employment. Absent proof that Bozanian McGregor declined work because the case at issue demanded too much time, the court finds factor two does not favor reimbursement of counsel fees.

The fees charged are outside the customary rate in the locality of the litigation. Bozanian McGregor certified its hourly rate of $450[.00] an hour is the customary rate for attorneys practicing in Bergen County, New Jersey. The situs of the litigation, not where the attorney has an office, governs the reasonableness of the fees charged. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 699 (3d Cir. 2005). An hourly rate of $450[.00] is outside the customary rate in Warren County, which is $250[.00]

4

to $400[.00]. Since Bozanian McGregor failed to submit other sources to establish that their $450[.00] hourly rate is justified in Warren County, factor three does not favor reimbursement of counsel fees.

[The aunt] did not prevail in the FD litigation. Rather, the parties reached an agreement for . . . Wang to exercise legal and physical custody of [M.C.J.]. There were no amounts recovered by [the aunt], and she did not prevail in the litigation. The court notes that none of these fees would have been generated but for the malfeasance or bad acts of [the aunt's] husband against [M.C.J.]. Factor four does not favor reimbursement of counsel fees.

[The aunt's attorney's certification] omitted any discussion about time limitations imposed by the client or the circumstances of the litigation. Nothing provided to the court sheds light on whether the FD litigation imposed strict time deadlines for the attorneys. Factor five cannot be assessed for lack of proofs.

There is no information provided to assess the nature and length of the professional relationship between [the aunt] and her counsel. At best, counsel in paragraph [fifteen] of [the aunt's attorney's certification] declares "I submit that the services rendered in connection with these matters have been competent and professional. I have received payment for all of the services I have rendered in connection with this matter to date." That generic statement does not illuminate for the court the nature and length of the professional relationship to give a sense of whether the legal fees charged were reasonable. Factor six does not favor reimbursement of fees from the [M.C.J.] Inherited Assets Trust.

5

> [The aunt's attorney's certification] details the experience, reputation and ability of various counsel and paralegals who worked on the FD litigation. The court accepts that the professionals at [the aunt's attorney's law firm] were qualified to represent [the aunt] in this litigation. Factor seven favors reimbursement of counsel fees.
>
> Finally, factor eight regarding fixed or contingent rates is neutral. The fixed rate charged to [the aunt] does not impact the application for fees.
>
> In sum, of the eight RPC 1.5 factors, only factor seven favors reimbursement of counsel fees. The [c]onsent [o]rder permits reimbursement of counsel fees up to $35,000[.00], but it is . . . [the aunt's] burden to prove her counsel fees were reasonable. She has fallen short of her burden of proof. [The aunt's] request for reimbursement of counsel fees from the [M.C.J.] Inherited Assets Trust is [denied].

A memorializing order was entered. On January 17, 2024, the aunt's attorney filed motions for reconsideration and to intervene, which included an amended certification of counsel fees. In the amended certification of counsel fees, the aunt's attorney detailed the RPC 1.5(a) and Rule 5:3-5(c) factors. On February 9, 2024, the judge denied the aunt's attorney's motions for reconsideration and to intervene. In her handwritten note included in the order, the judge held:

> The motion for reconsideration fails to state with specificity the basis on which it is made. [The aunt] does not indicate which matters or controlling decision

6

the court has overlooked or as to which the court has erred.

> Counsel certified the original certification of services "inadvertently failed to address the [RPC] 1.5(a) factors and instead submitted a form of certification utilized in guardianship and estate actions." This is not new or additional information which could not have been provided in the first application.

> Notwithstanding this defect, the [c]ourt's analysis of the salient [RPC] 1.5(a) factors set forth in the statement of reasons attached to the December 22, 2023 [o]rder stands. No additional fact in the new certification of services changes the court's analysis or conclusion. [The aunt's] motion for reconsideration and request to intervene is [denied].

This appeal followed. Before us, the argues that the judge's findings were not supported by the evidence warranting vacatur and reversal of the orders. We are unpersuaded.

## II.

We review a trial court's award of counsel fees for a clear abuse of discretion and will disturb that determination "only on the rarest [of] occasions [.]" Hansen v. Rite Aid Corp., 253 N.J. 191, 212 (2023) (quoting Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 444 (2001)).

"In the field of civil litigation, New Jersey courts historically follow the 'American Rule,' which provides that litigants must bear the cost of their own

attorneys' fees." Innes v. Marzano-Lesnevich, 224 N.J. 584, 592 (2016). "However, 'a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract.'" Litton Indus., Inc., 200 N.J. at 385 (quoting Packard-Bamberger, 167 N.J. at 440). However, there are a few exceptions to this rule, including recovery of counsel fees and costs associated with probate actions. In re Farnkopf, 363 N.J. Super. 382, 395 (App. Div. 2003).

"[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger, 167 N.J. at 444 (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Substantial deference is accorded a trial court's fee award in a probate action. See In re Prob. of Alleged Will of Hughes, 244 N.J. Super. 322, 328 (App. Div. 1990). In awarding fees, the court has "broad discretion," but not "unbridled discretion." In re Clark, 212 N.J. Super. 408, 416 (Ch. Div. 1986).

In conformance with the strong public policy against shifting counsel fees, Rule 4:42-9(a) provides that "[n]o fee for legal services shall be allowed in the taxed costs or otherwise, except" in the following areas: (1) in a family action; (2) out of a fund in court; (3) in a probate action; (4) in an action for foreclosure of a mortgage; (5) in an action to foreclose a tax certificate; (6) in an action upon liability or indemnity policy of insurance; (7) as expressly provided by rules in

8

any action; and (8) in all cases where attorneys' fees are permitted by statute. See also In re Est. of Folcher, 224 N.J. 496, 516 (2016) (Albin, J., dissenting) (listing statutes "that allow for fee shifting for the public good").

Rule 4:42-9(a)(3) states,

> In a probate action, if probate is refused, the court may make an allowance to be paid out of the estate of the decedent. If probate is granted, and it shall appear that the contestant had reasonable cause for contesting the validity of the will or codicil, the court may make an allowance to the proponent and the contestant, to be paid out of the estate. In a guardianship action, the court may allow a fee in accordance with R[ule] 4:86-4(e) to the attorney for the party seeking guardianship, counsel appointed to represent the alleged incapacitated person, and the guardian ad litem.
>
> [R. 4:42-9(a)(3) (emphasis added).]

Rule 4:42-9(b) also provides, "all applications for the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by RPC 1.5(a)." R. 4:42-9(b).

When calculating the amount of reasonable attorney's fees, courts must determine the lodestar, defined as the "the number of hours reasonable expended multiplied by a reasonable hourly rate." Rendine, 141 N.J. at 335. Factors that the court must consider when awarding attorney's fees include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; [and]

(8) whether the fee is fixed or contingent.

[Hansen, 253 N.J. at 214 (quoting RPC 1.5(a)).]

The court may not include "excessive and unnecessary hours spent on the case in calculating the lodestar." Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 22 (2004). Therefore, the amount of the lodestar "may be reduced[.]" R.M. v. Sup. Ct. of N.J., 190 N.J. 1, 11 (2007). Ultimately, the "goal is to approve a reasonable attorney's fee that is not excessive." Litton Indus., Inc., 200 N.J. at 388.

A-2162-23

An award of counsel fees under RPC 1.5(a) and Rule 4:42-9(a) is discretionary and not mandatory. The judge, in declining to award counsel fees to the aunt's counsel, thoroughly considered the eight factors under RPC 1.5(a) and Rule 4:42-9(a) considerations. The judge recited the history of the case and highlighted that the aunt was not M.C.J.'s guardian for long because the husband sexually abused M.C.J., and "parallel" criminal proceedings against him were pending.

The judge emphasized that Wang prevailed in the FD matter and none of the fees would have been generated but for the aunt's husband's bad acts. Of the eight RPC 1.5(a) factors, the judge found the aunt's counsel only satisfied factor seven—his firm was qualified to represent her in the FD matter. As to the other RPC 1.5(a) factors, the judge determined the aunt's counsel's certification was "boilerplate," failed to describe the legal services rendered, and how the matter precluded other engagement of work. The judge noted the hourly fee of $450.00 per hour requested was customary for a Bergen County attorney, but the situs of the litigation—Warren County—controls, where the customary rate is $250.00 to $400.00 per hour. The record supports the judge's determination and we discern no abuse of discretion.

Lastly, the judge properly denied the aunt's motions for reconsideration and intervention. We review a trial judge's decision on whether to grant or deny a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We find "abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Pursuant to Rule 4:49-2, a motion for reconsideration "shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred . . . ." Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion . . . ." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). "[A] motion for reconsideration provides the court, and not the litigant, with an opportunity to take a second bite at the apple to correct errors inherent in a prior ruling." Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015).

Here, the judge correctly found the motion for reconsideration failed "to state with specificity the factors in which it is made," as required by Rule 4:49-

2. Moreover, the judge reasoned that the aunt did not provide any additional facts that challenged the judge's analysis or conclusion, and failed to show any law or facts were overlooked or misapplied, which would change the result.

Having found the judge's findings were not an abuse of discretion, we discern no reason to disturb the orders under review.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2162-23